PATERSON AVENUE AND SECAUCUS ROAD COMMISSIONERS ET. AL. v. EDMUND KINGSLAND, COUNTY COLLECTOR.

1. By the act of 1870, (*Pamph. L.*, p. 809, ? 1,) the county collector of Hudson county was appointed treasurer of the road commissioners named in the act of 1869, (*Pamph L.*, p. 1080,) in the place of Ackererson, and the subsequent legislation did not restore Ackerson to the office. See *Pamph. L.* 1871, p. 997, ? 7; *Pamph. L.* 1872, p. 794, ?? 2, 6.
2. In accepting the office of county collector, the statute cast upon the defendant the office of treasurer of the road commissioners, which is inseparable from it. He cannot perform the duties of the former office without entering upon and discharging the duties of the latter.

Application for *mandamus*, to compel Kingsland to collect moneys assessed for Paterson avenue and Secaucus road improvements.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the relators, *F. McGee* and *J. D. Bedle.*

For the defendant, *Job H. Lippincott.*

The opinion of the court was delivered by

VAN SYCKEL, J. The first question presented by this case is whether the defendant, Kingsland, who is the county collector of Hudson county, is the proper officer to collect the assessment.

The original act authorizing the improvement, (*Pamph. L.* 1869, p. 1080, § 13,) appointed Henry Ackerson treasurer of the commissioners, requiring him to give bond in the sum of $5000, for the faithful performance of the duties of his office.

His duty was to collect the assessments and disburse the money, under the direction of the commissioners.

Ackerson was displaced by an act passed in 1870, (*Pamph. L., p.* 809, § 1,) which provided that the county collector of the county of Hudson be appointed treasurer of the commissioners named in the act of 1869, whose duties and responsibilities should be the same as those of the treasurer, provided in that act.

This constituted the county collector treasurer of the commissioners, conferring upon him another office, charged with specified duties. Kingsland being then county collector of Hudson county, thereby became *ex officio* treasurer of the commissioners. The statute conferred the office of treasurer upon him, not in his individual name, but in his official character as collector, the tenure of the new office being thereby made concurrent with that of the old one. When his successor as county collector should be chosen, the office of treasurer would pass, by force of the statute, to such successor. The two offices are to be administered by one and the same person.

A further supplement was passed in 1871, (*Pamph. L., p.* 997,) the seventh section of which, it is contended, revives the thirteenth section of the act of 1869, and restores Ackerson to the office of treasurer.

It provides that the costs and expenses for the additional improvement provided for in this act, are to be assessed and collected in the same way and manner provided for in the act to which it is a supplement, &c.

If it had been the legislative intent to remove the collector and restore Ackerson, it would have been so expressed, and not left to doubtful implication. There is no appropriate language to indicate such a purpose.

The costs and expenses were directed to be assessed and collected in the same way and manner as in the act of 1869, but not by the same person.

Nor does the subsequent legislation to which the court has been referred, manifest an intention to substitute Ackerson as treasurer in the place of the county collector.

The language of the second section of the act of 1872, page

794, "the treasurer of the commissioners named in the above-entitled act, to purchase," &c., means the act of 1869 as amended by the act of 1870; it embraces both the original act and the supplement.

The language of the sixth section of the act of 1872, prescribing "that certain moneys shall be repaid to the collector of Hudson county by the treasurer of said commissioners," does not show that the collector has ceased to be treasurer.

The offices were distinct, though held by the same person. As treasurer of the commissioners, Kingsland was to pay to himself, as county collector.

There is nothing in this requirement inconsistent with the view that the county collector still retained the office of treasurer of the commissioners. There is nothing in the performance of the duties of the one office incompatible with the execution of the duties of the other.

The statute simply directs the appropriation of moneys from one fund to another, both funds being in charge of and under control of the same person, holding the two offices.

In the absence of language clearly declaring a contrary purpose, such must be the construction of these enactments.

Kingsland, as county collector, is invested with the office of treasurer of the commissioners, but he declines to accept it, and take upon himself the duties of the position.

Can he be constrained, by *mandamus*, to do so?

Since the passage of the act of 1870, he has been re-elected county collector, has accepted the position and entered into bond for the faithful performance of the duties of his office.

In accepting the office of collector, the law cast upon him the office of treasurer of the road commissioners, which is inseparable from it. He cannot perform the duties of the former office without entering upon and discharging the duties of the latter. As county collector, he is, *ex officio*, treasurer of the road commissioners, and cannot be permitted, on this application, to raise the question whether a further bond should be executed by him, as such treasurer.

The law charges him with the duty of collecting the unpaid

assessments, and his refusal to execute that duty subjects him to the mandatory process of this court.

A *mandamus* should issue accordingly.